UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: R.T.R. Building Company, Inc.,
    Debtor.
_____/

R.T.R. Building Company, Inc.

    Appellant,

                                     Case No. 13-12956

v.                                 Hon. John Corbett O'Meara

The PrivateBank,

    Appellee.
_____/

R.T.R. Building Company, Inc.

    Appellant,

                                     Case No. 13-13951

v.                                 Hon. John Corbett O'Meara

Daniel M. McDermott,
United States Trustee,

    Appellee.
_____/

## ORDER DISMISSING APPEALS

Before the court are two related bankruptcy appeals filed by R.T.R. Building

Company ("RTR"). RTR appeals from an order lifting the automatic stay and from

the order dismissing its bankruptcy case. The appellee in the automatic stay appeal is PrivateBank[1], which has moved to dismiss the appeal as moot. The appellee in the dismissal appeal, the United States Trustee, urges the court to affirm the dismissal.

## BACKGROUND FACTS

This case involves property owned by Appellant RTR. The property went into foreclosure because RTR defaulted on a loan by Appellee, The PrivateBank ("the Bank"). A foreclosure sale was scheduled for March 7, 2013. That same day, RTR filed a bankruptcy petition, resulting in an automatic stay.

On April 15, 2013, the Bank filed a motion to lift the automatic stay so that the foreclosure sale could proceed. On May 22, 2013, the bankruptcy court granted the Bank's motion. RTR did not seek a stay pending appeal. On June 13, 2013, the Bank conducted a foreclosure sale of the property. RTR appealed the bankruptcy's court's order lifting the automatic stay on July 9, 2013. On July 30, 2013, the bankruptcy court entered an order of dismissal, which RTR also appealed. The Bank seeks dismissal of the automatic stay appeal, arguing that it is moot.

---

[1] On January 21, 2014, The PrivateBank and JC Detroit, LLC stipulated to dismiss The PrivateBank and substitute JC Detroit as the Appellee.

## LAW AND ANALYSIS

A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Hodges v. Schlinkert Sports Assocs., Inc., 89 F.3d 310, 312 (6th Cir. 1996).  In the bankruptcy context, the Sixth Circuit has explained as follows:

> "Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets."  The bankruptcy mootness rule differs from general mootness law because it is based on "the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy."

In re 255 Park Plaza Assocs. Ltd., 100 F.3d 1214, 1216 (6th Cir. 1996) (citations omitted).  See also Miami Ctr. Ltd. Partnership v. Bank of New York, 838 F.2d 1547, 1553-54 (11th Cir.), cert. denied, 488 U.S. 823 (1988) ("[Bankruptcy's mootness rule] is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal.") (citation omitted); Egbert Development, LLC v. Community First Nat'l Bank (In re Egbert), 219 B.R. 903, 905-906 (10th Cir. 1998) ("It is well established that an appeal will be dismissed as moot if a debtor fails to obtain a stay pending appeal of a bankruptcy court order granting relief from the automatic stay and the

moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief.").

In this case, RTR did not seek a stay and the foreclosure sale went through. In light of the above authority, the court cannot rescind the sale and is unable to grant any effective relief to RTR. Therefore, RTR's appeals are moot, including the appeal of the dismissal of the bankruptcy case. See In re Asmar, Inc., 2013 WL 628581 (E.D. Mich. Feb. 20, 2013) (Cohn, J.). As the court explained in Asmar,

> Asmar failed to move for relief from the automatic stay and foreclosure sales went forward. This rendered any appeal from the bankruptcy court's decisions as moot. This includes not only the order granting relief from the automatic stay but also the order dismissing Asmar's case. Because Asmar's only tangible asset was rent from properties he no longer owns, and has no legal right to own, no plan of reorganization can take place. These facts render his appeals moot, whether under general principles of mootness or bankruptcy's "equitable mootness" rule.

Id. at *7. This case parallels Asmar, in that RTR's only asset of any value was sold at a foreclosure sale and RTR did not obtain a stay. Under the circumstances, this court cannot grant effective relief and dismissal of the bankruptcy case was appropriate because RTR, with no assets, is unable to reorganize. Id. See also In re 255 Park Plaza Assocs., 100 F.3d at 1219. To the extent the appeal is not moot, the court affirms the dismissal.

The Bank seeks attorney's fees and costs in connection with this appeal, pursuant to Fed. R. Bankr. P. 8020 and 28 U.S.C. § 1927. Although RTR's appeal is without merit, the court finds that it does not exhibit the level of frivolousness or bad faith so as to warrant sanctions.

## ORDER

IT IS HEREBY ORDERED that the Bank's motion to dismiss is GRANTED and RTR's bankruptcy appeals are DISMISSED.


Date: March 3, 2014                    s/John Corbett O'Meara
                                       United States District Judge


I hereby certify that a copy of this order was served upon counsel of record on this date, March 3, 2014 using the ECF system.

                                       s/William Barkholz
                                       Case Manager